IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY R. TURNER,   No. 2:17-cv-00010-CMK-P

    Petitioner,

  vs.   ORDER

STATE OF CALIFORNIA,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his 2010 conviction from the Yolo County Superior Court.

    Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Generally, a habeas petitioner is required to raise all colorable grounds for relief in his first petition. See McFarland v. Scott, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring), Habeas Corpus Rule 2(c). Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of

1

two circumstances, not relevant here, exist. 28 U.S.C. § 2244(b)(2). However, where a petitioner is proceeding pro se and files a new petition before the district court has fully adjudicated the petitioner's prior petition, the Ninth Circuit has directed that the court should construe the new petition as a motion to amend the petition rather than as a "second or successive" petition. See Woods v. Carey, 525 F.3d 886, 890 (9th Cir. 2008).

A review of the court's records[1] reveals that petitioner has an active habeas action currently proceeding, Turner v. Muniz, 2:13-cv-0454-WBS-AC- P, challenging this same conviction. Petitioner has been appointed counsel in his prior action. However, giving petitioner the benefit of doubt, and broadly applying the Ninth Circuit's holding in Woods, the court will construe petitioner's pro se petition filed in this action as a motion to amend his pending habeas petition in case 2:13-cv-0454-WBS-AC-P. District courts have discretion to decide whether a motion to amend should be granted. See 28 U.S.C. § 2242; Fed. R. Civ. P. 15(a); see also Woods, 525 F.3d at 890. Whether petitioner will be allowed to amend his petition pro se in case 2:13-cv-0454-WBS-AC-P, where he is proceeding with counsel, will be addressed by separate order in that case.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus is construed as a motion to amend petitioner's prior petition in case number 2:13-cv-0454-WBS-AC-P;

2. The Clerk of the Court is directed to take the petition filed in this action and file it as a motion to amended petitioner's petition in case 2:13-cv-0454-WBS-AC-P; and

---

[1] A court may take judicial notice of court records. See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Construing this pro se petition as a motion to amend his prior petition is not strictly authorized by the holding in Woods, as he is proceeding with counsel in his prior action. However, in the prior action petitioner was granted leave to file an amended petition following the California Supreme Court's ruling on his state habeas petition. It appears from the petition filed in this action that the California Supreme Court may have ruled on his state habeas petition as petitioner indicates his state habeas was denied on December 14, 2016.

3. The Clerk of the Court is further directed to close this case as duplicative.

DATED: April 18, 2018

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE